No. 760

GREEN et v. WARD

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6771. Decided Sept. 20, 1926.

First Publication of this Opinion.

677. JUDGMENTS AND DECREES—708. Leases—Decree and judgment by consent, cancelling lease and terminating all rights thereunder, forms bar to recovery of damages for deprivation of any alleged rights under its terms.

Decree of court, especially where it is by consent of counsel, is irrevocable, when not appealed from.

Error to Common Pleas.
Judgment affirmed.

Thorman & Goldman, Cleveland, for Green.

Mooney, Hahn, Loeser & Keough, Cleveland, for Ward.

SULLIVAN, J.

On Nov. 27, 1923, Minnie and Isadore Green brought an action in the Cuyahoga County Common Pleas, against P. R. Ward, Isaac Feigenbaum and Abraham Leibowitz, for the recovery of damages in the sum of $26,278.96, and for an accounting on the part of all the defendants originally named.

Plaintiffs predicate their claim upon the terms of a 99 year lease which the remaining defendant, Ward, (the co-defendants having been dismissed by proper action of the court) acquired in 1921, under an assignment from a prior owner. His predecessor, as assignee of said lease, was Feigenbaum and his successor, as assignee or lessee, was Leibowitz.

The court rendered judgment in favor of Ward, and it is sought to reverse said judgment upon error proceedings.

It is significant that the plaintiffs delayed the beginning of their action for damages some two years after Ward had disposed of his interest in the lease.

In March, 1923, some fifteen months after Ward had assigned the lease to Leibowitz, the plaintiff commenced an action in the Common Pleas Court for the cancellation of the lease in question; and, in that action, a consent decree was entered which has a distinct legal bearing upon the rights of the plaintiff. The legal status of the parties, as designated by the allegations of the petition, arise subsequent to Oct. 10, 1923, the date of this decree and judgment of the Court.

It is argued that the language of the decree limits it to the question of cancellation; and that it does not judicially or otherwise destroy the rights of plaintiff, under the terms of the lease, with respect to the various claims for damages under the allegations of the petition. A careful analysis shows that the parties themselves, by consenting thereto, settled other questions than the mere cancellation of the lease. The judgment and decree terminated the lease, and specifically terminated all rights of the parties thereunder. There are no exceptions, limitations or modifications, so that it appears clear to the court that the principle of res adjudicata applies, by this entry, judgment and decree, to all rights of all parties under the terms of the lease.

The lease provided that $3600, which was part of a $4500 security deposit, should be considered as liquidated damages to be retained by the lessors upon forfeiture of the lease. Therefore, the reason for the character of the decree is obvious and patent in the language of the terms of the lease itself with respect thereto; and the amount designated as liquidated damages in the lease must stand.

The decree, cancelling the lease and terminating all rights thereunder, forms a bar to the recovery of damages for any deprivation of any alleged rights under the terms of the lease. A decree of the court, especially when it is done by consent of counsel, is irrevocable when not appealed from. Railroad Co. v. Smith, 54 OS. 162.

(Levine, PJ. and Vickery, J., concur.)